UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT GAGE IRVING,<br><br>        Plaintiff,<br><br>   v.<br><br>NATIONAL RAILROAD PASSENGER CORP., et al.,<br><br>        Defendants. | CASE NO. C13-5713 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF TACOMA'S MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Defendant City of Tacoma's ("City") motion for attorney's fees (Dkt. 61). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On August 8, 2010, Plaintiff Robert Irving ("Irving") was hit by an Amtrak train passing through Titlow Park. Dkt. 46, Affidavit of Jean Homan ("Homan Aff."), Ex. 2. Titlow Park is owned, operated, and controlled by Metro Parks Tacoma. Homan Aff., Exs. 12–15. Metro Parks Tacoma and the City are separate legal entities. *Id.*

1     On August 5, 2013, Irving filed suit against Defendants National Railroad
2 Passenger Corp., BNSF Railway Co., and the City in Pierce County Superior Court.  Dkt.
3 1, Ex. 2.  On August 20, 2013, the case was removed to this Court.  Dkt. 1.

4     In his complaint, Irving alleged that the City was negligent by failing to post
5 appropriate warnings and by failing to construct a pedestrian barrier along the tracks in
6 Titlow Park.  *Id.* ¶ 24.  Irving's claim against the City was premised on his assertion that
7 "Titlow Park is owned and/or operated by the City of Tacoma."  *Id.* ¶ 15.  Irving,
8 however, acknowledged in his complaint that Metro Parks Tacoma and the City might be
9 separate legal entities.  *Id.* ¶ 6.

10    Between August 6, 2013 and October 7, 2013, the City informed Irving on several
11 occasions that the City did not own, operate, or control Titlow Park.  Homan Aff. ¶¶ 5–7,
12 9–10, 13–14.  The City also informed Irving that Metro Parks Tacoma and the City are
13 separate legal entities.  *Id.*

14    On October 7, 2013, Irving filed an amended complaint, which added Metro Parks
15 Tacoma as a defendant.  Dkt. 16.  Irving's claim against the City remained virtually the
16 same.  *Id.*

17    On October 23, 2014, the City moved for summary judgment.  Dkt. 45.  On
18 November 21, 2014, Irving stipulated to the dismissal of his claim against the City.  Dkt.
19 58.

20    On December 4, 2014, the City filed a motion for attorney's fees.  Dkt. 61.  On
21 December 15, 2014, Irving responded.  Dkt. 64.  On December 19, 2014, the City replied.
22 Dkt. 66.

## II. DISCUSSION

The City requests attorney's fees in the amount of $18,437.50 under RCW 4.84.185 and 28 U.S.C. § 1927. Dkt. 61. In response, Irving argues that attorney's fees are inappropriate because his negligence claim against the City was not frivolous. Dkt. 64 at 3. Alternatively, Irving argues that the City's requested amount of fees should be reduced to only those necessary for the City to obtain dismissal from the case. *Id.* at 9.

**A.     RCW 4.84.185**

The City seeks attorney's fees under RCW 4.84.185. Dkt. 61. The City argues that Irving's negligence claim was not supported by any rational argument in law or fact. *Id.* at 4.

Under RCW 4.84.185, the Court may award attorney's fees upon a finding that the lawsuit was "frivolous and advanced without reasonable cause . . . ." RCW 4.84.185. "A lawsuit is frivolous when it cannot be supported by any rational argument on the law or facts." *Tiger Oil Corp. v. Dep't of Licensing*, 88 Wn. App. 925, 938 (1997). Additionally, the lawsuit must be frivolous in its entirety. *Biggs v. Vail*, 119 Wn. 2d 129, 133 (1992). "[A] defendant drawn into an action without reasonable cause and subjected to the claims against it that, considered as a whole, are frivolous, may be awarded expenses under RCW 4.84.185, regardless of the merit of the plaintiff's claims against

1  other defendants."[1] *Eller v. E. Sprague Motors & R.V.'s, Inc.*, 159 Wn. App. 180, 194
2  (2010).
3        Here, the Court finds that Irving's negligence claim against the City is wholly
4  frivolous. Irving's negligence claim was premised on his assertion that the City owned,
5  managed, and controlled Titlow Park. Dkt. 1, Ex. 2 ¶ 15. A reasonable inquiry, however,
6  reveals that a separate legal entity owns and operates Titlow Park. *See, e.g.*, Dkt. 61 at 7
7  n.4. Thus, Irving's negligence claim was legally and factually deficient from the outset.
8        In his response, Irving argues that his claim against the City was actually premised
9  on the theory that the City discouraged Metro Parks Tacoma from constructing a safety
10 barrier along the tracks in Titlow Park. Dkt. 64 at 5. This argument is unavailing. As a
11 preliminary matter, Irving did not include this claim in his original or amended
12 complaint. *See* Dkts. 1, 16. Additionally, Irving does not cite any legal authority in his
13 response brief to support such a claim. In sum, the Court finds that Irving's negligence
14 claim against the City is frivolous. The City is therefore entitled to attorney's fees under
15 RCW 4.84.185.
16       Although the City is entitled to attorney's fees, the Court finds that the City's
17 requested fees are unreasonable. The City requests fees for the 73.75 hours it spent
18 defending against Irving's claim. *See* Dkt. 61 at 4 n.2. The City, however, could have

---

[1] Irving relies on a recent case from this district for the proposition that attorney fees may only be awarded under RCW 4.84.185 when every claim filed by the plaintiff is frivolous. Dkt. 64 at 7 (citing *Main v. Nw. Tr. Servs. Inc.*, No. C14-353, 2014 WL 1923896 (W.D. Wash. May 13, 2014)). Other district court decisions are not binding on this Court, however, and the Court declines to follow the reasoning set forth in *Main.*

brought a valid motion seeking dismissal early on in this case. While the City's patience with Irving is commendable, such patience does not entitle the City to all of its requested attorney's fees. The Court finds that the City should only be awarded fees that are directly related to seeking dismissal of Irving's claim (e.g., emails and phone calls to Irving's counsel about dismissing the City, preparing the motion for summary judgment, etc.). The Court asks the City to resubmit its requested fees to account for this specified time.

**B.     28 U.S.C. § 1927**

The City also argues that Irving's counsel should pay attorney's fees under 28 U.S.C. § 1927. Dkt. 61 at 8. The City contends that Irving's counsel recklessly multiplied the proceedings. *Id.* at 10. In response, Irving's counsel argues that he did not act with intentional or reckless disregard for his duties to the Court. Dkt. 64 at 9.

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Attorney's fees under section 1927 are appropriate only where counsel has acted in bad faith. *Soules v. Kauaians for Nukolii Campaign Comm.*, 849 F.2d 1176, 1185 (9th Cir. 1988). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.* at 1185–86.

Here, the Court declines to impose sanctions on Irving's counsel. Although Irving's counsel may have acted negligently, the Court cannot find that counsel acted in

1  bad faith.  Thus, the Court denies the City's request for attorney's fees under 28 U.S.C.
2  § 1927.

3  ### III. ORDER

4  Therefore, it is hereby **ORDERED** that the City's motion for attorney's fees is
5  **GRANTED in part** and **DENIED in part** as stated herein.  The City shall resubmit its
6  requested fees consistent with this order by January 23, 2015.

7  Dated this 12th day of January, 2015.

_____
BENJAMIN H. SETTLE
United States District Judge