THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| ROBERT GAGE IRVING, | ) | |
| Plaintiff, | ) ) ) | No. 13-CV-05713 |
| v. | ) ) | **STIPULATED PROTECTIVE** |
| NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK; BNSF RAILWAY CO., a Delaware Corporation; CITY OF TACOMA, a governmental entity in Washington state, | ) ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATION FOR PROTECTIVE ORDER - 1
NO. 13-CV-05713

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

019188.0285/6404368.1

Case 3:13-cv-05713-BHS   Document 91   Filed 08/07/15   Page 2 of 10

1   2.      "CONFIDENTIAL" MATERIAL

2          "Confidential" material shall include the following documents and tangible things

3   produced or otherwise exchanged:

4          a)  personal information relating to any individual, including employees of BNSF

5              not a party to this litigation;

6          b)  proprietary or trade secret information of BNSF or any of its customers; and

7          c)  documents from third parties received pursuant to a subpoena or through a

8              release in connection with this litigation.

9   3.      SCOPE

10         The protections conferred by this agreement cover not only confidential material (as

11  defined above), but also (1) any information copied or extracted from confidential material; (2)

12  all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

13  conversations, or presentations by parties or their counsel that might reveal confidential

14  material.

15  However, the protections conferred by this agreement do not cover information that is in the

16  public domain or becomes part of the public domain through trial or otherwise.

17  4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

18         4.1      Basic Principles.  A receiving party may use confidential material that is

19  disclosed or produced by another party or by a non-party in connection with this case only for

20  prosecuting, defending, or attempting to settle this litigation. Confidential material may be

21  disclosed only to the categories of persons and under the conditions described in this

22  agreement. Confidential material must be stored and maintained by a receiving party at a

23  location and in a secure manner that ensures that access is limited to the persons authorized

24  under this agreement.

25         4.2      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

26  ordered by the court or permitted in writing by the designating party, a receiving party may

27  disclose any confidential material only to:

STIPULATION FOR PROTECTIVE ORDER - 2
NO. 13-CV-05713

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

019188.0285/6404368.1

1         (a) the receiving party's counsel of record in this action, as well as employees of

2 counsel to whom it is reasonably necessary to disclose the information for this litigation;

3         (b) the officers, directors, and employees (including in house counsel) of the

4 receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

5 agree that a particular document or material produced is for Attorney's Eyes Only and is so

6 designated;

7         (c) experts and consultants to whom disclosure is reasonably necessary for this

8 litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

9 A);

10         (d) the court, court personnel, and court reporters and their staff;

11         (e) copy or imaging services retained by counsel to assist in the duplication of

12 confidential material, provided that counsel for the party retaining the copy or imaging service

13 instructs the service not to disclose any confidential material to third parties and to immediately

14 return all originals and copies of any confidential material;

15         (f) during their depositions, witnesses in the action to whom disclosure is

16 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

17 Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.

18 Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential

19 material must be separately bound by the court reporter and may not be disclosed to anyone

20 except as permitted under this agreement;

21         (g) the author or recipient of a document containing the information or a

22 custodian or other person who otherwise possessed or knew the information.

23     4.3    Filing Confidential Material. Before filing confidential material or discussing or

24 referencing such material in court filings, the filing party shall confer with the designating party

25 to determine whether the designating party will remove the confidential designation, whether

26 the document can be redacted, or whether a motion to seal or stipulation and proposed order is

27 warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the

STIPULATION FOR PROTECTIVE ORDER - 3
NO. 13-CV-05713

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

019188.0285/6404368.1

1  standards that will be applied when a party seeks permission from the court to file material

2  under seal.

3  5.    DESIGNATING PROTECTED MATERIAL

4       5.1    Exercise of Restraint and Care in Designating Material for Protection. Each

5  party or non-party that designates information or items for protection under this agreement

6  must take care to limit any such designation to specific material that qualifies under the

7  appropriate standards. The designating party must designate for protection only those parts of

8  material, documents, items, or oral or written communications that qualify, so that other

9  portions of the material, documents, items, or communications for which protection is not

10  warranted are not swept unjustifiably within the ambit of this agreement.

11       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

12  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

13  unnecessarily encumber or delay the case development process or to impose unnecessary

14  expenses and burdens on other parties) expose the designating party to sanctions.

15       If it comes to a designating party's attention that information or items that it designated

16  for protection do not qualify for protection, the designating party must promptly notify all other

17  parties that it is withdrawing the mistaken designation.

18       5.2    Manner and Timing of Designations.    Except as otherwise provided in this

19  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

20  ordered, disclosure or discovery material that qualifies for protection under this agreement must

21  be clearly so designated before or when the material is disclosed or produced.

22       (a) Information in documentary form: (*e.g.*, paper or electronic documents and

23  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

24  proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

25  contains confidential material. If only a portion or portions of the material on a page qualifies

26  for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by

27  making appropriate markings in the margins).

STIPULATION FOR PROTECTIVE ORDER - 4
NO. 13-CV-05713

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

019188.0285/6404368.1

Case 3:13-cv-05713-BHS   Document 91   Filed 08/07/15   Page 5 of 10

1   (b) Testimony given in deposition or in other pretrial or trial proceedings: the

2   parties must identify on the record, during the deposition, hearing, or other proceeding, all

3   protected testimony, without prejudice to their right to so designate other testimony after

4   reviewing the transcript. Any party or non-party may, within fifteen days after receiving a

5   deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

6   (c) Other tangible items: the producing party must affix in a prominent place on

7   the exterior of the container or containers in which the information or item is stored the word

8   "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

9   the producing party, to the extent practicable, shall identify the protected portion(s).

10   5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

11   designate qualified information or items does not, standing alone, waive the designating party's

12   right to secure protection under this agreement for such material. Upon timely correction of a

13   designation, the receiving party must make reasonable efforts to ensure that the material is

14   treated in accordance with the provisions of this agreement.

15   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

16   6.1   Timing of Challenges.  Any party or non-party may challenge a designation of

17   confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

18   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

19   burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

20   challenge a confidentiality designation by electing not to mount a challenge promptly after the

21   original designation is disclosed.

22   6.2   Meet and Confer.  The parties must make every attempt to resolve any dispute

23   regarding confidential designations without court involvement. Any motion regarding

24   confidential designations or for a protective order must include a certification, in the motion or

25   in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

26   conference with other affected parties in an effort to resolve the dispute without court action.

27

STIPULATION FOR PROTECTIVE ORDER - 5
NO. 13-CV-05713

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

019188.0285/6404368.1

1   The certification must list the date, manner, and participants to the conference. A good faith

2   effort to confer requires a face-to-face meeting or a telephone conference.

3        6.3   Judicial Intervention.   If the parties cannot resolve a challenge without court

4   intervention, the designating party may file and serve a motion to retain confidentiality under

5   Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

6   persuasion in any such motion shall be on the designating party. Frivolous challenges, and

7   those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and

8   burdens on other parties) may expose the challenging party to sanctions. All parties shall

9   continue to maintain the material in question as confidential until the court rules on the

10   challenge.

11   7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
     LITIGATION
12
     If a party is served with a subpoena or a court order issued in other litigation that
13
     compels   disclosure   of   any   information   or   items   designated   in   this   action   as
14
     "CONFIDENTIAL," that party must:
15
          (a) promptly notify the designating party in writing and include a copy of the
16
     subpoena or court order;
17
          (b) promptly notify in writing the party who caused the subpoena or order to
18
     issue in the other litigation that some or all of the material covered by the subpoena or order is
19
     subject to this agreement. Such notification shall include a copy of this agreement; and
20
          (c) cooperate with respect to all reasonable procedures sought to be pursued by
21
     the designating party whose confidential material may be affected.
22
     8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL
23
     If a receiving party learns that, by inadvertence or otherwise, it has disclosed
24
     confidential material to any person or in any circumstance not authorized under this agreement,
25
     the receiving party must immediately (a) notify in writing the designating party of the
26
     unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the
27

STIPULATION FOR PROTECTIVE ORDER - 6
NO. 13-CV-05713

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

019188.0285/6404368.1

1   protected material, (c) inform the person or persons to whom unauthorized disclosures were

2   made of all the terms of this agreement, and (d) request that such person or persons execute the

3   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

4   9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL
5
        When a producing party gives notice to receiving parties that certain inadvertently
6
    produced material is subject to a claim of privilege or other protection, the obligations of the
7
    receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This
8
    provision is not intended to modify whatever procedure may be established in an e-discovery
9
    order or agreement that provides for production without prior privilege review. Parties shall
10
    confer on an appropriate non-waiver order under Fed. R. Evid. 502.
11
12  10.     NON TERMINATION AND RETURN OF DOCUMENTS

13      Within 60 days after the termination of this action, including all appeals, each receiving

14  party must return all confidential material to the producing party, including all copies, extracts

    and summaries thereof. Alternatively, the parties may agree upon appropriate methods of
15
    destruction.
16
        Notwithstanding this provision, counsel are entitled to retain one archival copy of all
17
    documents filed with the court, trial, deposition, and hearing transcripts, correspondence,
18
    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert
19
    work product, even if such materials contain confidential material.
20
        The confidentiality obligations imposed by this agreement shall remain in effect until a
21
    designating party agrees otherwise in writing or a court orders otherwise.
22
        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
23
        Dated:  August 7, 2015
24                                          LANE POWELL PC

25
                                            By  s/ Warren E. Babb, Jr.
26                                              Tim D. Wackerbarth, WSBA No. 13673
                                                Warren E. Babb Jr., WSBA No. 13410
27                                          **ATTORNEYS FOR BNSF RAILWAY**

STIPULATION FOR PROTECTIVE ORDER - 7           **LANE POWELL** PC
NO. 13-CV-05713                                1420 FIFTH AVENUE, SUITE 4100
                                               SEATTLE, WASHINGTON 98101-2338
                                               206.223.7000 FAX: 206.223.7107

019188.0285/6404368.1

YAEGER & JUNGBAUER BARRISTERS PLC


By:___*s/ Kelly B. Nyquist*_____
     William G. Jungbauer
     Christopher W. Bowman
     Kelly B. Nyquist


Bradley K. Crosta, WSBA  No. 10571
Crosta & Bateman, LLP
999 Third Avenue, Suite 2525
Seattle, WA  98104-4032
Telephone: (206) 224-0900
Facsimile: (206) 467-8028
E-Mail: bcrosta@crostabateman.com

**ATTORNEYS FOR PLAINTIFF**




**ORDER**


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:___August 10, 2015_____

_____
HONORABLE BENJAMIN SETTLE
United States District Judge

STIPULATION FOR PROTECTIVE ORDER - 8
NO. 13-CV-05713

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

019188.0285/6404368.1

Case 3:13-cv-05713-BHS   Document 91   Filed 08/07/15   Page 9 of 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

EXHIBIT A
**CONFIDENTIALITY AGREEMENT**

In consideration for and as a condition of the furnishing to _____ video files recorded on August 8, 2010, _____(hereinafter referred to as "you") has agreed to acknowledge the confidential and proprietary nature of these video files, and agree to hold and not disclose "Confidential Information" (as defined below) subject to the provisions of this agreement.

As used in this agreement, the term "Confidential Information" means all information contained in and/or relating to the video files that has been or may hereafter be provided to you.  The term "Confidential Information" does not include information, if any, which (a) was available to you on a non-confidential basis before its disclosure to you by Amtrak; (b) becomes available to you on a non-confidential basis from a source other than Amtrak, provided that such source is not known to you to be bound by a confidentiality agreement with Amtrak; or (c) is publicly disclosed by you at the written direction of Amtrak.

You agree that you will return all Confidential Information relating to this video file within thirty (30) days after the conclusion of the litigation in Irving v. BNSF et al, Cause No. 13-CV-05713.  You agree to exercise all reasonable steps to safeguard, and cause your employees, co-workers, and agents to safeguard, the confidentiality of the Confidential Information and not to disclose any part of it or any information derived therefrom to any third person, except to such of your employees and agents as may require access to the Confidential Information for the sole purpose of investigation and litigation of facts surrounding and/or arising from an accident on August 8, 2010, it being understood that such employees and agents shall be informed by you of the confidential nature of such information and shall be directed by you to treat such information confidentially.  You agree to take all reasonable action to prevent any disclosure of Confidential Information in violation of the provisions of this letter agreement by any of your employees or agents.

The conditions, terms, and restrictions of this agreement may not be altered or modified except by a written document signed by Amtrak and you.  This agreement is for the benefit of Amtrak and shall be governed by and construed in accordance with the laws and in the courts of the State of Washington.  If suit shall be brought because of the breach of any covenant herein contained on your part and a breach shall be established, you agree to pay Amtrak all expenses incurred as a result thereof, including reasonable attorneys' fees.

ACCEPTED AND AGREED AS OF
THE DATE SET FORTH BELOW:

_____

By:                    _____
Name:               _____
Firm/Agency/Company:    _____

STIPULATION FOR PROTECTIVE ORDER - 9
NO. 13-CV-05713

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

019188.0285/6404368.1